**E-filed 10/17/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ACCLARENT, INC., EXPLORAMED II, INC., and ADVANCED POLYMERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUEST MEDICAL, INC. and BRUCE B. BECKER, M.D.,<br><br>Defendants. | Case Number C 06-00844 JF<br><br>ORDER[1] DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER<br><br>[re: docket no. 8] |

On February 8, 2006, Plaintiffs Acclarent, Inc. ("Acclarent"), ExploraMedII, Inc. ("ExploraMed"), and Advanced Polymers, Inc. ("API") filed the instant complaint against Defendants Quest Medical, Inc. ("Quest") and Bruce B. Becker, M.D. ("Becker"). Plaintiffs allege four claims for declaratory relief: (1) no infringement of the '667 design patent, (2) no

[1] This disposition is not designated for publication and may not be cited.

tortious interference with a business contract, (3) no breach of contract and (4) no misappropriation of trade secrets. Plaintiffs allege that they are entitled to costs of suit and any further relief this Court may deem proper. On July 24, 2006, Defendants filed the instant motion to dismiss on the ground of improper venue based on FRCP 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, to transfer on the ground of 28 U.S.C. § 1404(a) and *forum non conveniens*. Plaintiffs filed an opposition on August 25, 2006. Defendants filed a reply on September 5, 2006. The Court has considered the parties' briefs as well as the oral argument presented at the hearing on September 15, 2006. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Plaintiff alleges the following: Plaintiff is a Delaware corporation with its principal place of business in Menlo Park, California. Complaint, (hereinafter "Compl.") ¶ 8. Plaintiff ExploraMed also is a Delaware corporation with its principal place of business in Mountain View, California. *Id.* at ¶ 9. Plaintiff API is a New Hampshire corporation with its principal place of business in Salem, New Hampshire. *Id.* at ¶ 10.

Under an agreement with Atrion, the parent company of Quest, Becker developed the Dilation Balloon Catheter, Patent No. D501,667 ("667 Patent"). Ex. A, Defendant's Motion to Dismiss or, in the Alternative, to Transfer, (hereinafter "Dismiss") 2. Atrion entered into a mutual non-disclosure agreement with API in April 2002. *Id.* The purpose of the agreement was to allow Atrion to disclose confidential information to aid API in production of the dilation balloon catheter. *Id.*, Ex. A. Atrion then entered into a purchase agreement with API in late 2002 that included a forum selection clause designating Texas as the appropriate venue for dispute resolution. Dismiss, 2-3. Quest has taken the place of Atrion in both contracts. Ex. A. Defendants allege that Acclarent's Relieva products are substantially equivalent to Quest's dilation balloon catheter. *Id.* Defendants allege that Acclarent had approached Becker numerous times with incentives for Becker to terminate his agreement with Quest. *Id.* Defendants also allege that Acclarent induced API to stop supplying Quest with the key components and to disclose Quest's trade secrets about the Quest design to Acclarent. *Id.* On September 30, 2005, Defendants filed suit against Plaintiffs in the United States District Court for the Eastern District of Texas ("Texas

Action") for alleged direct and contributory patent infringement, tortious contract interference, contract breach and misappropriation of trade secrets. Compl., ¶ 2.

The Texas Action was dismissed on June 2, 2006 for lack of timely service by Quest. Plaintiffs' Joint Opposition to Defendants' Motion to Dismiss or, in the Alternative, to Transfer, (hereinafter "Opposition") 8. Subsequently, Plaintiffs filed the instant complaint to obtain declaratory judgment on February 8, 2006. Opposition, 9. Defendants have appealed the dismissal of the Texas Action, and they also filed another complaint in the Eastern District of Texas on July 20, 2006 ("Pending Texas Action"), asserting the same claims against the same parties. *Id.*, 10. The second complaint has been assigned to the same presiding Judge as the Texas Action and Plaintiffs have requested that the Pending Texas Action be transferred to this Court under the "first-filed" rule. *Id.*

## II. CONTRACTUAL FORUM SELECTION

### A. Legal Standard

The Ninth Circuit holds that a forum-selection clause is an appropriate ground to dismiss for improper venue under Rule 12(b)(3). *Argueta* v. *Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996). In considering a Rule 12(b)(3) motion based on a forum selection clause, the Court must resolve factual conflicts in favor of the non-moving party. *Murphy* v. *Schneider Nat'l, Inc.,* 362 F.3d 1133, 1139 (9th Cir. 2004). The United States Supreme Court set forth three exceptions that would make enforcement of a forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards* v. *Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir. 1998) (citing *M/S Bremen* v. *Zapata Off-Shore Co.,* 407 U.S. 1, 12-13, 15, 18 (1972)).

Should the Court find that the parties are bound by the forum selection clause and that venue in this Court is improper, the Court must dismiss or transfer the action to the proper court under 28 U.S.C. § 1406(a).

**B. Discussion**

Defendants assert that Plaintiffs are entitled to little or no deference to their choice of a California forum because Plaintiffs are bound by the forum selection clause contained in Purchase Order No. '640[1] ("'640 Order") between Quest and API. Defendants allege that API breached the confidentiality relationship between Quest and API by sharing confidential information with Acclarent. Defendants assert that Acclarent's infringing Relieva product uses confidential knowledge that Acclarent improperly obtained from API. The '640 Order contained a confidentiality clause that prohibited API from disclosing confidential information received from Quest.

Defendants contend that all Plaintiffs are bound by the forum selection clause even though the '640 Order was signed only by API because Acclarent and ExploraMed induced and benefitted from API's breach of contract. Defendants assert that Acclarent and ExploraMed's alleged conduct of aiding, abetting, and benefitting from API's confidentiality breach is so closely related to API's contractual relationship with Quest that even as non-signatories, they should be bound by the terms of the '640 Order. Plaintiffs maintain that the '640 Order terms are not binding because the '640 Order is not in dispute in the present action. Defendant's Complaint in the Texas Action had raised issues regarding breach of the Non-Disclosure Agreement between Quest and API, not the '640 Order.

Plaintiffs seek a judicial declaration that they did not breach the April 2002 Non-Disclosure Agreement ("NDA"). It is the April 2002 NDA, not the '640 Order, that is in dispute in the instant case. Defendants' argument that the forum selection clause applies to the confidential relationship between Quest and API as a whole is directly refuted by the affidavit of Mark Saab, President of API, stating that the terms and conditions of the '640 Order apply specifically to that order alone. Defendants provide no factual support for their argument that the general contractual relationship between Quest and API was meant to be subjected to this

---

[1]The parties redacted the complete purchase number in submitted pleadings. The Court has done likewise in order to respect the parties' apparent wish to keep the purchase number confidential.

specific forum selection clause. A contract cannot be validly formed without mutual assent from the parties involved. *Rennick* v. *O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996) ("It is a basic tenet of contract law that creation of a valid contract requires mutual assent."). API presents an email indicating specifically that API intended for the terms and conditions of the '640 Order to apply only to the '640 Order. The evidence shows API did not consent for the forum selection clause in the '640 Order to apply beyond the transaction that was subject of the '640 Order. Because it concludes that the '640 Order is not presently in dispute, the Court finds it unnecessary to discuss whether Acclarent and ExploraMed are bound to the'640 Order as beneficiaries of API's alleged breach.

**III. BALANCE OF CONVENIENCE**

**A. Legal Standard**

28 U.S.C. § 1404(a) permits the Court in its discretion to transfer an action to an alternative venue for the convenience of parties and witnesses and in the interest of justice. Factors that may be relevant in the consideration of a transfer under 28 U.S.C. § 1404(a) are: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones* v. *GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000).

When there are two mirror-image actions pending in different districts, the "first to file" rule may be invoked to give the first filed action priority. This rule was developed and followed by Courts to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology* v. *United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979). Three prerequisites that must be met to invoke the "first to file" rule are chronology, identical parties, and identical issues. *See Alltrade, Inc.* v. *Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991). However, even if these prerequisites are met, the application of the first-to-

file rule is discretionary. *Id.* at 628. The Court may examine factors of forum convenience to make its determination. *Id.* The Ninth Circuit has held that the "first to file" rule may be disregarded when a plaintiff engages in bad faith, anticipatory suits, or forum shopping. *Stomp, Inc.* v. *NeatO*, *LLC,* 61 F.Supp. 2d 1074, 1082 (C.D. Cal. 1999) (citing *Alltrade* at 628). The "first to file" rule also may be relaxed "if the balance of convenience weighs in favor of the later-filed action." *Ward* v. *Follett Corporation,* 158 F.R.D. 645, 648 (N.D. Cal. 1994).

**B. Discussion**

Defendants urge the transfer and consolidation of this action to the Eastern District of Texas, where their second Texas Action is pending. Defendants assert that analysis of the applicable *Jones* factors favors a transfer to Texas under 28 U.S.C. § 1404(a) to Texas.

Court concludes, however, that the majority of the factors appear to favor Plaintiffs. First, the April 2002 Non-Disclosure Agreement was executed in Alabama and contains no choice of law provisions. This Court already has concluded that the '640 Order is not at issue in this action and thus, the forum selection clause of that order has no effect on this analysis. Second, the Plaintiffs' choice of forum is this district. Third, it is not clear that ExploraMed has sufficient contacts with Texas to permit assertion of general jurisdiction over it there. Finally, there is evidence that because Plaintiffs' Relieva products are manufactured in California, the costs of litigation and availability of witnesses and discovery would weigh strongly in favor of adjudicating the dispute in California.

Defendants maintain that the first Texas Action in fact is the first filed action and that accordingly, their Pending Texas Action should be granted priority over the instant complaint. Defendants allege that the first Texas Action was not served, and thus was dismissed because they reasonably believed that settlement negotiations were taking place. Even if the instant complaint is regarded as the first filed action, Defendants urge this Court to disregard the "first to file" rule on the basis that Plaintiffs engaged in bad faith forum shopping. Defendants allege that the parties were scheduled to meet on February 2, 2006 and indeed met on February 9, 2006 to engage in settlement negotiations. Plaintiffs, however, note the specific determination by the Texas Court that the purported settlement negotiations were merely phone calls exchanged

between parties inquiring about service.

"A dismissal without prejudice of a party's claims over that party's objection is normally a final, appealable order." *H.R. Technologies, Inc.* v. *Astechnologies, Inc.,* 275 F.3d 1378, 1383 (Fed. Cir. 2002). The Texas Action concluded when it was dismissed without prejudice. Defendants' Pending Texas Action cannot take on the original filing date of the Texas Action as its own. *See id.* The instant complaint was filed on February 8, 2006; the Pending Texas Action was filed on July 20, 2006. Both actions involve identical parties and claims. The prerequisites of the "first to file" rule have been satisfied, and the instant action as the first filed action.

Defendants have not shown that Plaintiffs were engaged in bad faith forum shopping, particularly since as described above, the balance of convenience weighs in favor of adjudication in California. This Court is the home forum for Acclarent and ExploraMed. A Plaintiffs' "decision to sue in its home forum of California doesn't amount to impermissible forum shopping." *Stomp Inc.* v. *NeatO,* 61 F.Supp. 2d 1074, 1082 (C.D. Cal. 1999). Defendants would need to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," which they have not done. *Id.* (citing *Decker Coal Co.* v. *Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)). The Court also notes that the judge presiding over the Texas Action concluded that Defendants would not suffer injustice from the dismissal of that action because the instant declaratory judgment action involves of identical parties and issues.

**IV. ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motion to dismiss, or in the alternative, to transfer is DENIED. Defendants shall file their answer within twenty (20) days from the date this order is filed.

DATED: October 13, 2006

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Casey L. Griffith
Carstens & Cahoon, L.L.P.
13760 Noel Road
Suite 900
Dallas, TX 75240

allen@cclaw.com
reynolds@cclaw.com
carstens@cclaw.com
tolnay@cclaw.com
gourley@cclaw.com
morgan@cclaw.com

nbruno@shepardmullin.com
jgorsi@sheppardmullin.com
nsmith@sheppardmullin.com
jnakaso@sheppardmullin.com

Michael Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue
Washington, DC 20001-4413

lily.lim@finnegan.com
karen.reimer@finnegan.com
nancy.oshea@finnegan.com
randal.holderfield@finnegan.com
robert.mccauley@finnegan.com
molly.melcher@finnegan.com
matthew.tueller@finnegan.com
colleen.martin@finnegan.com
jennifer.spencer@finnegan.com
dawn.butler@finnegan.com
gail.selburn@finnegan.com

ddavison@fulbright.com
kevans@fulbright.com
rsyoung@fulbright.com
jomalley@fulbright.com